117 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: VIGIL BROTHERS CONSTRUCTION, INC., Debtor,
CONCRETE EQUIPMENT CO., INC., Appellant,
v.
James D. FOX, VIGIL BROTHERS CONSTRUCTION, INC., Appellees.
 No. 96-15781.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1997.
Decided July 7, 1997.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and WALLACH.**
 
 
 2
 MEMORANDUM*
 
 
 3
 The secured transactions chapter of the Uniform Commercial Code applies, whether the assignment was intended as a "sale of accounts" or was "intended to create a security interest," under Arizona Uniform Commercial Code § 47-9102(A), subsections 2 and 1 respectively. A financing statement therefore had to be filed to perfect it, unless it was "an assignment of accounts which does not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts of the assignor." Arizona Uniform Commercial Code § 47-9302(A) (5). It is established as Arizona law that "regardless of which test for "significant part" is used, the burden of establishing "insignificance" is on the assignee...." Black, Robertshaw, Frederick, Copple & Wright, P.C. v. United States, 634 P.2d 398, 402 (Ariz.App.1981).
 
 
 4
 The bankruptcy judge heard testimony and considered documentary evidence, and, based on the percentage of accounts test in Black, Robertshaw, considered whether the assigned account was a significant part of the assignor's outstanding accounts. The bankruptcy court found that "the debtor's assignment of 40% of its accounts receivable to CECO was significant." That finding is well supported by the record.
 
 
 5
 Even if the casual and isolated transaction test was used, as in Black, Robertshaw, appellant infers too much from the official comment to § 9-302 of the UCC, that the purpose of the "does not ... transfer a significant part" exception is to save "casual or isolated assignments." The explanatory comment cannot mean that an assignment which does transfer a significant part of the assignor's outstanding accounts, but is a one time event, is excepted by the provision; if it did, then the language of the provision would mean the exact opposite of what it says. The more reasonable interpretation, as Black, Robertshaw suggests, is that the purpose of the exception is "protecting assignees who are both insignificant and ignorant." Grant Gilmore, 1 Security Interests in Personal Property, § 19.6 at 537, 38 (1965). Appellant points to no evidence either of the insignificance of the assignment, or of why in the ordinary course appellant would have been ignorant of the need to file a financing statement.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3